# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CATHY QUALLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **5:08-CV-0735-VEH** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Cathy Qualls (hereinafter "Qualls") brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), which denied her application for Supplemental Security Income (hereinafter "SSI") and Disability Insurance Benefits (hereinafter "DIB") prior to September 1, 2005.[1]   Qualls timely pursued and exhausted her

---

[1]  In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI.  However, separate parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

administrative remedies available before the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. §§ 405(g) & 205(g) of the Social Security Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Qualls was a forty-one-year-old woman at the time of her hearing before the administrative law judge (hereinafter "ALJ").  (Tr. 345).  She has a ninth-grade education.  (*Id.*).  Her past work experience includes cashier/checker, nursing school attendant, fabric inspector, and displaying merchandise.  (Tr. 354).  Qualls claims she became disabled on August 3, 2001, due to obesity, degenerative disc disease, cervical radiculopathy, carpel tunnel, ankylosing spondylitis of the lumbar spine, osteoarthritis, and headaches.  (Tr. 346–48).  Her last period of work ended August 3, 2001.  (Tr. 345).

Qualls protectively filed her application for a period of disability and DIB on October 17, 2001.  (Tr. 48).  She also protectively filed a Title XVI application for SSI on October 17, 2001.  (Tr. 139).  Her claim was initially denied by the Commissioner on March 28, 2002, and then in a hearing decision dated June 10, 2003.  (Tr. 16).  After the Appeals Council denied review, (Tr. 4), Qualls appealed to this court.  (Tr. 206).

---

[2]  42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

This court, on December 29, 2004, remanded the decision of the Commissioner for further proceedings.  (Tr. 206).  (*See Qualls v. Barnhart*, 5:04-CV-1005-JFG (N.D. Ala. 2004), docs. 8, 9).  The Appeals Council vacated the prior decision and remanded the case to another ALJ to evaluate Qualls's claims, consistent with the order of this court.  (Tr. 220).  The new hearing was held on April 18, 2006. (Tr. 342).  On July 19, 2007, the ALJ concluded that Qualls became disabled on September 1, 2005, and denied her application for SSI and DIB prior to that date. (Tr. 216).

Qualls filed a Complaint on April 25, 2008, which asks this court to review the ALJ's decision.  (Compl. 1).  This court has carefully considered the record and remands the decision of the ALJ.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  *Richardson v. Perales,* 402 U.S. 389, 390, 41, 91 S. Ct. 1420, 1421, 1432, 28 L. Ed. 2d 842 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable

3

and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, current through April 10, 2009.

4

claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i–v).  The Commissioner must

determine in sequence:

(1)    whether the claimant is currently employed;
(2)    whether the claimant has a severe impairment;
(3)    whether the claimant's impairment meets or equals an impairment
       listed by the Secretary;
(4)    whether the claimant can perform her past work; and
(5)    whether the claimant is capable of performing any work in the
       national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable

C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th

Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

"Once the claimant has satisfied steps one and two, she will automatically be found

disabled if she suffers from a listed impairment.  If the claimant does not have a

listed impairment but cannot perform her work, the burden shifts to the Secretary

to show that the claimant can perform some other job."  *Pope*, 998 F.2d at 477;

*accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner

must further show that such work exists in the national economy in significant

numbers.  *Id*.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Qualls has not engaged in substantial gainful activity

since the alleged onset of her disability on August 3, 2001.  (Tr. 208).  He also

found that, in combination, Qualls's bilateral carpal tunnel syndrome, degenerative disc disease at L5–S1, incomplete sacralization of S1, herniated nucleus pulposus of C5–C6 with displacement of nerve root sleeve, obstructive sleep apnea, and spontaneous fusion of C4–C5 are "severe" based on the requirements in Regulations 20 C.F.R. §§ 404.1520(c) & 416.920(c).  (Tr. 208–09).

The ALJ then held that the medically determinable impairments, in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404 Appendix 1, Subpart P, of the Social Security Regulations.  (Tr. 211).  However, the ALJ concluded that Qualls's impairments prevent her from performing her past relevant work.  (Tr. 214).  The ALJ set the onset date for Qualls's disability at September 1, 2005, and determined that Qualls could not make the vocational adjustment necessary to perform other jobs beginning on that date.  (Tr. 215–16).  Prior to September 1, 2005, the ALJ determined that Qualls could make the vocational adjustment necessary to perform other jobs.  (Tr. 215).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence.  42 U.S.C. § 405(g).  The court has the "responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding."  *Walden v. Schweiker*, 672 F.2d

835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[4]   Qualls asserts that "the ALJ committed at least three reversible errors:"

> (1)    Failure to consider obesity as a severe impairment;
> (2)    Failure to consider diagnoses which occurred prior to the date which the ALJ states disability begins; [and]
> (3)    Failure to consider two consultative examinations supporting disability, both of which occurred prior to the day the ALJ states disability begins.

(Pl. Brief at 15).  Errors number two and three relate to the ALJ's determination of Qualls's disability onset date.   Because the court finds that the onset date determined by the ALJ was arbitrarily set and not supported by substantial evidence, the court will not reach alleged error number one identified by Qualls.

## I.    The ALJ decision to set the onset date at September 1, 2005, was not supported by substantial evidence.

The ALJ has a basic obligation to develop a full and fair record. A full and fair record not only ensures that the ALJ has fulfilled his duty "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," but it also enables the reviewing court "to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988) (internal quotations and citations omitted).   The

---

[4]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Eleventh Circuit has made clear that "[s]ubstantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (internal quotation marks and citations omitted).

More specifically, the Social Security Administration's own policy requires that "the established onset date must be fixed <u>based on the facts</u> and can never be inconsistent with the medical evidence of record" and further that "[w]hen the medical or work evidence is not consistent with the allegation, <u>additional development may be needed to reconcile the discrepancy</u>." Soc. Sec. Ruling 83-20 (emphasis added).[5]  It further clarifies that "[a]t the hearing, the administrative law judge (ALJ) <u>should call on the services of a medical advisor when onset must be inferred</u>."  (*Id.*).  Moreover, "[i]f there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured <u>before inferences are made</u>."  (*Id.*).

Soc. Sec. Ruling 83-20 also advises that "[i]f reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in file

_____

[5]  Although they lack the force of regulations, Social Security Rulings are "binding on all components of the Social Security Administration."  20 C.F.R. § 402.35(b)(1); *see also McCloud v. Barnhart*, 166 Fed. Appx. 410 (11th Cir. 2006), 2006 WL 177576 (citing SSR 96-6p as authoritative, for example); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009) ("SSRs do not carry the 'force of law,' but they are binding on ALJs nonetheless.").

and additional relevant medical evidence is not available, <u>it may be necessary to explore other sources of documentation</u>[,]" including from "family members, friends, and former employers[.]" (*Id.*). Regarding "disabilities of nontraumatic origin" in particular, "[t]he starting point in determining the date of onset of disability is the individual's statement as to when disability began" and "[t]he day the impairment caused the individual to stop work is frequently of great significance in selecting the proper onset date." (*Id.*). Moreover, "[i]n determining the date of onset of disability, <u>the date alleged by the individual should be used if it is consistent with all the evidence available</u>." (*Id.* (emphasis added)).

In this case, the ALJ provides no underlying factual basis to support his choice of September 1, 2005, as the date on which Qualls became disabled. Instead of linking his selection to facts substantiated by the record, the ALJ sets a date range within which he believes Qualls became disabled. He then arbitrarily chooses a date within that range for the onset date.

More specifically, the ALJ indicates that Qualls was <u>not disabled</u> prior to August 2005 but was <u>disabled</u> by January 23, 2006. (Tr. 213–14). Based on these parameters, the ALJ states, "Giving the benefit of the doubt to the claimant, the undersigned has elected to fix the established onset date of disability at September 1, 2005." (Tr. 214). The ALJ indicates that he is choosing a date that is more

favorable to Qualls, but even assuming this is true, his random choice cannot substitute for substantial evidence.

The ALJ's duty to develop the record is important on appeal.  Without it, this court or any other in its position has no basis "to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Welch*, 854 F.2d at 440.  The ALJ cites nothing in the record supporting his finding that September 1, 2005, was the onset date.  Even assuming the ALJ supported by substantial evidence his conclusion that Qualls was not disabled before August 2005, but was by January 23, 2006,[6] substantial evidence of a date range within which the claimant became disabled is not the same thing as substantial, fact-based evidence of a specific onset date.

If this date-range option was available to ALJs, they could use it to manipulate the onset date without any factual basis.  For example, if an ALJ determined based on substantial evidence that a claimant became disabled sometime within a two-year period, he would then be free to choose any date within that time period.  As a result, he could arbitrarily push the onset date one way or the other, which could result in giving undeserved benefits to the claimant or improper savings to the Social Security Administration.

---

[6]  The court expresses no opinion either way.

As mentioned above, the law requires the onset date to be supported by substantial evidence and based on facts contained within the administrative record. In this case, the ALJ randomly chose an onset date within a stated range, but without connecting the date selected to specific supportive underlying facts. Consequently, the court agrees with Qualls that the onset date was "not based on substantial evidence." (Compl. 2).   While the parties' briefs and the court's independent research have not revealed a controlling case dealing precisely with this point,[7] the general precepts governing the substantial evidence standard necessarily dictate this result.

Furthermore, although the court bases its decision to remand on more general legal grounds, the court is not discounting the other developed contentions outlined by Qualls.  Specifically, prior diagnosis and consultative examinations are the types of evidence that can be used to properly support the setting of a legally

---

[7]  Upon concluding that reversible error had been committed and that the claimant was in fact disabled, the undersigned has remanded for a determination of the appropriate onset date.  *See generally Heindl v. Astrue*, No. 1:06-CV-4747-VEH, (Docs. 8 at 14-20) (N.D. Ala. July 26, 2007). In *Heindl*, the court held:

> However, given the fact intensive inquiry required by S.S.R. 83-20, <u>and the absence of direction on this point by the Eleventh Circuit</u>, this court follows the lead of *McManus* - as well as the Fifth, Third, Fourth, and Eighth Circuits - and concludes that remand is necessary for the ALJ to determine the onset date <u>after consulting a medical advisor and any other evidence required to make such a determination</u>.  *See McManus*, 2004 WL 3316303 at *9; *Spellman*, 1 F.3d at 364-65; *Walton*, 243 F.3d at 710; *Bailey*, 68 F.3d at 80; *Grebenick*, 121 F.3d at 1201.

(Doc. 8 at 20) (emphasis added).

11

sustainable onset date.  It just so happens that, in this case, the ALJ's decision suffered from an even more fundamental flaw; consequently, the court refrains from analyzing in detail the impact that any prior diagnosis and consultative examinations would have on pinpointing and properly supporting with substantial evidence an acceptable onset date.

**II.**    **Other issues raised on appeal need not be reached by the court.**

Because the court finds that the ALJ's determination of the onset date was not based on substantial evidence for the reasons discussed above, the court does not reach Qualls's additional arguments on appeal.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision was not supported by substantial evidence.  Specifically, the ALJ's decision to establish the onset date of disability at September 1, 2005, was not supported by substantial evidence.  Accordingly, the decision of the Commissioner is due to be reversed and remanded.  A separate order in accordance with the memorandum opinion will be entered.

**DONE** and **ORDERED** this the 20th day of April, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge